People v Daniels (2025 NY Slip Op 00491)

People v Daniels

2025 NY Slip Op 00491

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Kennedy, Gonzalez, Mendez, Rodriguez, JJ. 

Ind No. 3472/13 Appeal No. 3537&M-6179 Case No. 2022-02755 

[*1]The People of the State of New York, Respondent,
v
Devin Daniels, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mimi Lei of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.

Order, Supreme Court, Bronx County (Judith Lieb, J.), entered on or about June 1, 2022, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act, Correction Law art 6-C, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Even assuming, arguendo, that the 25 points assessed under risk factor 2 (sexual contact with victim) constituted an overassessment because "the victim's lack of consent was due only to an inability to consent by virtue of age" (People v Greene, 171 AD3d 628, 628-629 [1st Dept. 2019], lv denied 33 NY3d 913 [2019]), defendant's arguments that the same circumstance mandated findings of overassessment with regard to factors 4 (continuing course of sexual misconduct), 5 (age of victim), and 8 (defendant's age at first sex crime 20 or less) are unavailing. Indeed, an assessment of points under factor 4 is always premised on the exact same conduct that constituted the defendant's crime. Defendant fails to explain the difference in the risk represented by a person who engages in a continuing course of "consensual" unlawful sexual activity with a 14-year-old girl and one who actually coerces his victims. In this regard, it is notable that defendant engaged in psychological coercion, essentially blackmailing the victim to perform sex acts on pain of having the videos defendant had surreptitiously taken of her engaged in oral sex published on the Internet. Defendant's argument that he was over assessed with regard to factor 5 "because he was only a few years older than [the victim]" is similarly flawed. Even if defendant were able to demonstrate a significant overassessment in these categories, he still could not show that the court abused its discretion by denying a downward departure. Defendant had a poor record of complying with the requirements of supervision. In light of all of the circumstances, including defendant's extensive criminal record, the court's discretionary denial of a downward departure was proper. M-6179 — People v Devin Daniels
Motion to strike portions of People's brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025